IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TONYA FRANZWA,

                              Plaintiff,

            v.                                                                OPINION and ORDER

ANDREW SAUL,                                                          20-cv-141-jdp
Commissioner of Social Security,

                              Defendant.

---

Plaintiff Tonya Franzwa seeks judicial review of a final decision of defendant Andrew Saul, Commissioner of the Social Security Administration, finding Franzwa not disabled within the meaning of the Social Security Act. Franzwa contends that administrative law judge (ALJ) Kathleen Kadlec erred by failing to adequately explain why Franzwa's migraines weren't disabling, improperly discounting the credibility of Franzwa's subjective reports regarding her migraines, and inadequately accounting for limitations identified by agency reviewing psychologists regarding concentration, persistence, and pace.

The ALJ's decision is generally thorough and well reasoned, and Franzwa hasn't identified any error regarding the ALJ's handling of her migraines. But the ALJ did not adequately address the limitations in concentration, persistence, and pace identified by the reviewing psychologists. The court will remand the matter to the agency; the oral argument scheduled for September 29 is canceled.

ANALYSIS

The ALJ found that Franzwa suffered from the severe impairments of anxiety disorder, post-traumatic stress disorder, bipolar disorder, obsessive-compulsive disorder, attention deficit

hyperactivity disorder, and breast cancer status post-mastectomy. R. 128.[1] She concluded that Franzwa had the residual functional capacity (RFC) to perform light work with physical restrictions that are not at issue in this appeal. R. 132. In view of Franzwa's limitations in maintaining concentration, persistence, and pace, the RFC also limited Franzwa to "simple routine tasks with simple work related decisions" and only "occasional contact with coworkers and supervisors and no contact with the public." Relying on the testimony of a vocational expert, the ALJ concluded that Franzwa could no longer perform any past relevant work but could work as a photocopying machine operator, mail clerk, and small-product assembler. R. 139–40.

On appeal, the court's role is to determine whether the ALJ's decision is supported by substantial evidence, which means "sufficient evidence to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). This is not a high standard, requiring only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*

## A. Migraines

ALJs use a five-step process to determine whether a claimant is disabled. *See* R. 127–28. Franzwa contends that the ALJ erred in the third step, which requires the ALJ to determine whether the claimant suffers from a "listed impairment" that the agency has determined automatically qualifies as disabling. *See* 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ must also determine at step three if the claimant's impairments are medically equivalent to any of the listed impairments, which would also qualify as a disabling impairment. 20 C.F.R.

---

[1] Record cites are to the administrative transcript, located at Dkt. 7.

§ 404.1520(a)(4)(iii). Franzwa says that remand is required because the ALJ failed to explain her statement that Franzwa's migraines "fail to meet or medically equal" any of the listed impairments. R. 130. Specifically, Franzwa contends that the ALJ should have explained why her migraines weren't medically equivalent to the listed impairment of dyscognitive epileptic seizures, the listing that "provides guiding principles for evaluating migraine[s]," *Pawlowicz v. Saul*, No. 19-cv-537-bbc, 2020 WL 4001180, at *5 (W.D. Wis. July 15, 2020).

The court begins this topic with two preliminary issues. First, the parties dispute which version of the agency's epilepsy listing should apply. The commissioner contends that the current Listing 11.02 should apply. Franzwa contends that the prior Listing 11.03, which was replaced by Listing 11.02 in 2016, should apply. The commissioner is correct. The rule replacing Listing 11.03 with Listing 11.02 took effect on September 29, 2016, and applies to all applications, like Franzwa's, filed on or after that date. Revised Medical Criteria for Evaluating Neurological Disorders, 81 Fed. Reg. 43048-01 (July 1, 2016) (codified at 20 C.F.R. Part 404, Subpart P, Appendix 1).

Second, the parties dispute whether Franzwa can rely on evidence from before her alleged onset date to show that her migraines medically equal a listed impairment. At her hearing, Franzwa amended her alleged onset date to February 14, 2015. She did so because she had made a previous claim for benefits that was denied on reconsideration on February 13, 2015, which she did not appeal. As Franzwa concedes, she is thus precluded from relitigating the question of whether she was disabled before February 13, 2015. *See Groves v. Apfel*, 148 F.3d 809, 810 (7th Cir. 1998) ("Res judicata bars attempts to relitigate the same claim."). Even so, she says that evidence from before her new onset date "exemplifies a pattern of symptoms which would support disability." Dkt. 10, at 32.

3

It was not enough for Franzwa to show that she has some history of migraines. Listing 11.02 requires a showing that the claimant suffers from dyscognitive seizures at a certain rate over a period of three consecutive months. Franzwa could rely on a three-month period that begins before February 13, 2015, and extends into the period covered by her current claim. But any attempt to rely on a three-month period entirely before her previous denial would amount to relitigating her prior unsuccessful claim that she was disabled before February 13, 2015. Franzwa needed to establish that she met Listing 11.02 after her onset date. But she hasn't identified any three-month period that extends past her amended onset date, so her old migraine evidence is of no use to her under Listing 11.02.

The court turns to the substance of Franzwa's argument. Franzwa contends that remand is required because the ALJ didn't expressly discuss the evidence of Franzwa's migraines under the listing's standard when she concluded that the migraines didn't meet Listing 11.02. *See* R. 130. But a court should "read the ALJ's decision as a whole," as "it would be a needless formality to have the ALJ repeat substantially similar factual analyses" in different steps of her analysis. *Rice v. Barnhart*, 384 F.3d 363, 370 n.5 (7th Cir. 2004). The ALJ extensively explained her reasons for discounting Franzwa's evidence regarding her migraines in her assessment of Franzwa's credibility, *see* R. 134–38, which are discussed below. The ALJ wasn't required to repeat that explanation in her step-three analysis. *See Imse v. Berryhill*, 752 F. App'x 358, 362 (7th Cir. 2018) (ALJ need not repeat analysis from elsewhere in opinion in step-three analysis). Franzwa hasn't identified any error here.

## B. Credibility

Franzwa contends that the ALJ erred in discounting the credibility of Franzwa's subjective reports regarding her migraines. The ALJ gave four reasons for doing so:

4

(1) Franzwa's medical records showed that her migraines were controlled when she was compliant with her medication; (2) Franzwa's doctors attributed her migraines to anxiety, which was also controlled when Franzwa was medication-compliant; (3) most of Franzwa's migraine triggers could be avoided while working within her RFC; and (4) Franzwa hadn't been treated for her migraines in over a year and had missed numerous appointments before that. R. 134–38.

Franzwa challenges only the ALJ's last two reasons for discounting her credibility. The court must accept the ALJ's credibility determination unless it is "patently wrong," meaning that the ALJ did not justify it with specific reasons supported by the record. *Hall v. Berryhill*, 906 F.3d 640, 644 (7th Cir. 2018). To uphold the ALJ's credibility determination, the court does not have to find that the ALJ adequately supported every reason she provided for discounting Franzwa's credibility, only that the ALJ "provide[d] some evidence supporting her determination." *Bates v. Colvin*, 736 F.3d 1093, 1098 (7th Cir. 2013). Even if the ALJ failed to support her third and fourth reasons, the two unchallenged reasons are well documented in the opinion and provide adequate grounds to support her credibility assessment. Franzwa hasn't identified any error requiring remand here, either.

## C.  Concentration, persistence, and pace

Franzwa contends that the ALJ should have included additional restrictions in the RFC regarding her ability to maintain concentration, persistence, and pace based on the opinions of two psychologists who reviewed her records on behalf of the state agency. At the initial level, Jason Kocina completed a mental RFC assessment. R. 196–99. Kocina indicated that Franzwa was "moderately limited" in several areas, including three within the broader category of concentration, persistence, and pace:

> ability to maintain attention and concentration for extended periods;
>
> ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances;
>
> ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods.

R. 197. On reconsideration, reviewing psychologist Richard Zaloudek affirmed Kocina's findings in full. R. 227–30. The ALJ found these opinions "persuasive" because they were consistent with Franzwa's medical records and because the reviewers had access to nearly all of those records. R. 138.

Franzwa says that the ALJ's RFC should have included restrictions specifically addressing each of these findings. She relies on *DeCamp v. Berryhill*, 916 F.3d 671, 676 (7th Cir. 2019), which held that ALJs "must adequately account for limitations identified . . . in check-box sections of standardized forms." Kocina's opinion is not literally in check-box form, but the basic principle applies.

The ALJ fully endorsed the opinions of Kocina and Zaloudek. And the ALJ's decision adequately addresses Franzwa's social limitations and her limitations in maintaining concentration and pace. The RFC includes the limitation that Franzwa

> can perform simple routine tasks with simple work related decisions and can have occasional contact with coworkers and supervisors and no contact with the public.

R. 132. The narrative portion of Kocina's report, R. 198–99, explains Kocina's assessment of the nature of Franzwa's capabilities in this area, and the ALJ included limitations in the RFC to address them.

6

But Kocina also found that Franzwa was moderately limited in two other sub-categories, which relate to Franzwa's ability to meet a schedule and maintain attendance without unreasonable interruptions from psychological symptoms. Kocina did not address these limitations in the narrative portion of his report. And the ALJ did not reflect these limitations in the RFC, nor did the ALJ explain why she did not. Even though these limitations aren't discussed in the narrative portion of Kocina's report, they have to be addressed by the ALJ.

As written, there isn't enough in the ALJ's opinion to "build an accurate and logical bridge" between the reviewing psychologists' opinions—which the ALJ endorsed—and the ALJ's RFC. *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000). On remand, the ALJ will have to address the additional limitations cited by Kocina and Zaloudek.

## ORDER

IT IS ORDERED that the decision of defendant Andrew Saul, Commissioner of the Social Security Administration, denying plaintiff Tonya Franzwa's application for disability insurance benefits is REVERSED AND REMANDED under sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion. The clerk of court is directed to enter judgment in favor of the plaintiff and close this case.

Entered September 23, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge